UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN A. ALVARENGA<br><br>Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:16-cv-09191-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

### I. PROCEDURAL HISTORY

Plaintiff Efrain A. Alvarenga ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB")[2]. The parties filed consents to

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

[2] Plaintiff states that he applied for DIB and Social Security Income ("SSI"). [Pltf.'s Br. at 2.] However, a review of the administrative record demonstrates that Plaintiff applied for DIB only. [*See* AR 24, 161-162, 94-106.] The Court assumes that Plaintiff's reference to SSI benefits was a typographical error or failure to update a previously used template.

proceed before the undersigned United States Magistrate Judge [Dkts. 9, 10] and briefs addressing disputed issues in the case [Dkt. 15 ("Pltf.'s Br."), Dkt. 24 ("Def.'s Br."), and Dkt. 25 ("Pltf.'s Reply").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On September 30, 2013, Plaintiff filed an application for DIB. [Dkt. 17, Administrative Record ("AR") 161-162.] The Commissioner denied his initial claim for benefits on January 15, 2014. [AR 94-106.] On June 5, 2015, a hearing was held before Administrative Law Judge ("ALJ") Richard Breen. [AR 42-93.] On July 23, 2015, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 21-41.] Plaintiff requested review from the Appeals Council, which denied review on October 14, 2016. [AR 1-8.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. § 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since April 1, 2012, the alleged onset date, through December 31, 2017, the date last insured. [AR 26.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative joint disease and tri-compartmental arthritis of the knees; status post multiple right knee surgeries; cervical degenerative discogenic disease and lumbosacral disease; obesity; and major depressive disorder. [*Id.* (citing 20 C.F.R. § 404.1520(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 28 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(a) and (b) [except] with walking 4 hours in an 8 hour workday with a sit/stand option; sitting 6 hours in an 8 hour workday; lifting, carrying, pushing and pulling 20 pounds occasionally and 10 pounds frequently; no operation of foot controls with the right lower extremity; occasional operation of foot controls with the left lower extremity; occasional climbing ramps and stairs; occasional balancing and stooping; never climbing ladders, ropes, and scaffolds; never kneeling, crouching and crawling; no exposure to unprotected heights, moving machinery, temperature extremes and vibrations; and no operation of a motor vehicle. The [Plaintiff] requires the use of a cane for walking long distances, and he is limited to the performance of simple, routine and repetitive tasks and simple work-related decisions.

[AR 30.] Applying this RFC, the ALJ found that Plaintiff is able to perform past relevant work as a table worker (also known as hand sewer), as actually performed. (Dictionary of Occupational Titles ("DOT") 782.684-058). [AR 34.] Alternatively, based on Plaintiff's age (47 years old), marginal education, and ability to communicate effectively in English, he could perform representative occupations such as parking lot cashier (DOT 211.462-010), ticket seller (DOT 211.467-030), and small products assembler (DOT 706.684-022) and, thus, is not disabled. [AR 35-36.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff contends that the ALJ erred by (1) finding Plaintiff could perform his previous work as a table worker at Forever 21 and (2) finding Plaintiff could perform other work as a ticket seller, parking lot cashier, or small products assembler.

As a preliminary matter, the Commissioner argues that Plaintiff waived all issues on appeal by not raising the issues before the ALJ. [Def.'s Br. at 1-2.] The Court disagrees and finds Plaintiff's claims are not waived. *See Lamear v. Berryhill*, 865 F.3d 1201, 1205-06 (9th Cir. 2017) (finding that claimant did not waive the issue of a conflict between the VE's testimony and the DOT by failing to raise the issue before the ALJ because the ALJ had an affirmative duty to inquire about any apparent conflict between the vocational expert's testimony and the DOT).; *cf.* Shaibi v. Berryhill, 870 F.3d 874, 881-83 (9th Cir. 2017) (holding that claimant waived challenge to VE's job-number estimates when ALJ had no duty to *sua sponte* take administrative notice of certain job-number data); *see also Harrison v. Colvin*, EDCV 15–1362–E, 2016 WL 1258447, at *4 (C.D. Cal. Mar. 30, 2016) (holding no waiver of plaintiff's step four argument where plaintiff did not object to such errors at the hearing).

**A. Plaintiff's Past Relevant Work- Table Worker**

First, Plaintiff contends that the ALJ erred in finding that he could perform his past relevant work as a table worker. He argues that his table worker job cannot be considered past relevant work, as it was performed under "special conditions." [Pltf.'s Br. at 7-8]; *see also* 20 C.F.R § 404.1573(c) ("If your work is done under special circumstances, we may find that it does not show that you have the ability to do substantial gainful activity."). Plaintiff also argues that the DOT definition for table worker (DOT 782.684-058) requires a reasoning level of two and requires "attaining precise set limits and tolerances as well as the exercise of judgment," which conflicts with Plaintiff's limitation to "simple, routine and repetitive tasks and

simple work-related decisions." [Pltf.'s Br. at 9-10.]

The Social Security Administration defines "past relevant work" as "work you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1565(a). The regulations further describe substantial gainful activity as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). "Gainful work activity is work activity that you do for pay or profit." 20 C.F.R. § 404.1572(b).

Generally, the most important consideration in determining whether past work constitutes substantial gainful activity is the level of earnings derived from the activity. *See* 20 C.F.R. § 404.1574(a)(1). However, in determining whether work is substantial gainful activity, the ALJ must also consider the nature of the work, how well the claimant performed the work, whether the work was performed under special conditions, if the claimant is self-employed, and time spent at work. 20 C.F.R. § 404.1573.

Here, it is undisputed that Plaintiff's level of earnings and length of employment are highly indicative of substantial gainful employment. [Pltf.'s Reply at 3.] From December 2009 to April 2012, Plaintiff performed light duty work, applying alarm devices on clothing and placing the merchandise in boxes. [Pltf.'s Br. at 5; AR 69, 510.] Plaintiff could sit or stand as needed, but chose to sit fifty percent of the time. [AR 70, 510.] As part of the job, Plaintiff performed occasional bending, stooping, squatting, stair climbing, and overhead reaching. [*Id.*] In this modified position, Plaintiff was required to lift under ten pounds constantly. [AR 511.] Plaintiff was not required to lift the boxes onto the conveyor belt or pallets. [AR 69.] Plaintiff claims that his past work does not constitute substantial gainful activity because the job duties he performed were a temporary accommodation, set aside by his employer for pregnant and injured employees, and

no others. [Pltf.'s Reply at 3-4; AR 69-70.]

The applicable regulations outline what constitutes "special conditions" as follows:

> If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity. Also, if you are forced to stop or reduce your work because of the removal of special conditions that were related to your impairment and essential to your work, we may find that your work does not show that you are able to do substantial gainful activity. However, work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level. Examples of the special conditions that may relate to your impairment include, but are not limited to, situations in which—
>
> (1) You required and received special assistance from other employees in performing your work;
>
> (2) You were allowed to work irregular hours or take frequent rest periods;
>
> (3) You were provided with special equipment or were assigned work especially suited to your impairment;
>
> (4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;
>
> (5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or
>
> (6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

20 C.F.R. § 404.1573(c).

Contrary to Plaintiff's assertions, not all work performed under special conditions will be placed outside of the substantial gainful activity category. [Pltf.'s Br. at 7-8.] Rather, special conditions are simply a factor for the ALJ to consider and "work done under special conditions may show that you have the necessary

6

skills and ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(c).

Here, the ALJ determined that Plaintiff is able to perform his past relevant work as a table worker *as he actually performed it.* Specifically, the ALJ noted that "the DOT does not specifically describe the job the claimant actually performed but table worker is a close approximation." [AR 34.] As actually performed, Plaintiff "primarily sat and did not operate foot pedals or use a sewing machine." [*Id.*] However, and critically, the ALJ did not make a finding as to whether Plaintiff performed his previous work at Forever 21 under "special conditions," and if so, whether those "special conditions" affect the determination that Plaintiff's previous work constitutes substantial gainful activity.

The Commissioner correctly notes that the ALJ found Plaintiff's testimony not entirely credible (a finding Plaintiff does not contest), and therefore the ALJ could have discredited Plaintiff's testimony about the temporary nature of his accommodation. [Def.'s Br. at 3-4.] However, the ALJ did not do so. Rather, the ALJ concluded that "[a]lthough the [Plaintiff] is capable of performing past relevant work as actually performed, [Plaintiff] testified that this job was performed by pregnant employees, or other warehouse employees who required temporary accommodation's. Therefore…the [ALJ] makes an alternative finding that there are other jobs existing in the national economy that [Plaintiff] is also able to perform." [AR 35.] The ALJ's decision cannot be affirmed based on the Commissioner's post hoc rationalizations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency"). Because the ALJ did not complete his analysis of whether Plaintiff's

7

work constitutes substantial gainful activity, the ALJ erred when making his Step Four finding.[3]

### B. Plaintiff's Ability to Perform Other Work

#### a. Parking Lot Cashier or Ticket Seller

Plaintiff next contends the evidence does not support the ALJ's determination that he is able to perform work as a parking lot cashier or ticket seller. [Pltf.'s Br. at 11-12.]

The VE testified that a hypothetical person with limitations similar to Plaintiff's RFC, including a limitation to performance of simple, routine and repetitive tasks and simple work-related decision, could perform the jobs of parking lot cashier (DOT 211.462-010, light, Specific Vocational Preparation ("SVP") 2), ticket seller (DOT 211.467-030, light, SVP 2), and small products assembler (DOT 706.684-022, light, SVP 2). [AR 35-36, 82-83.] At the hearing, the VE testified that his opinion was consistent with the DOT *except* Plaintiff would need a sit/stand option to perform these jobs. [AR 83-84.]

Plaintiff contends the ALJ erred by failing to resolve an apparent conflict between the VE's testimony that a limitation to simple, routine and repetitive tasks and simple work-related decision is consistent with the demands of Level 3 reasoning, as required by the parking lot cashier and ticket seller positions. [Pltf.'s Br. at 11-12.] The Commissioner responds that the ALJ properly relied on the VE's testimony, which was consistent with the DOT. [Def.'s Br. at 5-6; AR 84, 86.]

At step five, the ALJ has the burden of establishing, through the testimony of a VE or by reference to the Medical-Vocational Guidelines, that the claimant can perform alternative jobs that exist in substantial numbers in the national economy.

---

[3] Plaintiff also argues that the DOT definition for table worker provides reasoning levels that were beyond Plaintiff's abilities as set forth in his RFC. [Pltf.'s Br. at 9-10.] The Court finds this argument unpersuasive, as the ALJ did not find that Plaintiff could perform the table worker position *as defined by the occupational classification of the job*, but rather, *as he actually performed it*.

*See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The Commissioner "routinely relies" on the DOT "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); *see Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("[T]he best source for how a job is generally performed is usually the [DOT]."). Should an "apparent or obvious" conflict arise between a VE's testimony regarding the claimant's ability to perform alternative jobs and the DOT's description of those jobs, the ALJ must ask the VE "to reconcile the conflict" and must determine whether the VE's explanation is reasonable before relying on the VE's testimony. *Gutierrez v. Colvin*, 844 F.3d 804, 807-08 (9th Cir. 2016); *see also Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007) (stating that "neither the [DOT] nor the [VE] evidence automatically trumps when there is a conflict," and that the ALJ must determine whether a conflict exists, whether the VE's explanation for the conflict is reasonable, and whether a basis exists for relying on the VE rather than the DOT); *see also* Social Security Ruling ("SSR") 00-4P, 2000 WL 1898704, at *2 ("When there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [VE] evidence to support a determination or decision about whether the claimant is disabled."). The ALJ's failure to resolve such a conflict may preclude a reviewing court from determining whether the ALJ's decision is supported by substantial evidence. *See Massachi*, 486 F.3d at 1154 (stating that "we cannot determine whether the ALJ properly relied on [the VE's testimony]" due to the ALJ's failure to address conflicts with the DOT).

Here, an apparent conflict exists between Plaintiff's limitation to simple, routine and repetitive tasks and simple work-related decision and the Level 3 reasoning requirement of the parking lot cashier and ticket seller positions. *See Zavalin v. Colvin*, 778 F.3d 842, 846-47 (9th Cir. 2015) (holding that the ALJ erred in failing to resolve the apparent conflict that existed between the ALJ's finding that

9

the claimant retained the RFC to perform "simple, routine, or repetitive work" and the Level 3 reasoning requirements of the alternative cashier and surveillance system monitor jobs that the ALJ found the claimant capable of performing). While the VE testified regarding the SVP levels of the parking lot cashier and ticket seller positions, this is distinct from the reasoning required by the job. *See* DOT, App. C (SVP level measures "the amount of lapsed time" it takes a worker to learn the skills necessary to perform a job). As the ALJ failed to elicit an explanation for the apparent conflict, his reliance on the VE's testimony, with respect to the parking lot cashier and ticket seller positions, was error. *See Gutierrez*, 844 F.3d at 807-08; *see Massachi*, 486 F.3d at 1153-54; SSR 00-4P.

### b. Small Products Assembler

Plaintiff next argues that the vocational expert's finding that he could work as a small products assembler is inconsistent with his limitation to "routine" tasks. [Pltf.'s Br. at 12.] Plaintiff notes that the small products assembler position requires "working under specific instructions." *See* DOT 706.684-022, 1991 WL 679050. Plaintiff posits that "the presence of specific instructions allows for one inference— that the worker must comply with instructions that vary from time to time and situation to situation" which "rules out the presence of a routine work setting." [Pltf.'s Br. at 12.] There is no evidence in the record that supports this assertion, which appears to be based on northing more than counsel's speculation. Moreover, this argument is unsupported by the DOT description for the small products assembler position, which provides that the job involves "taking instructions-helping," but states that the activity is "[n]ot [s]ignificant." Thus, the Court finds that this is not a persuasive basis for finding reversible error.

However, the Court notes that the VE reduced the number of small product assembler jobs available to Plaintiff by fifty percent to account for his sitting, standing, and walking limitation. [AR 87.] Therefore, based on Plaintiff's limitations, there would be 713 small products assembler jobs in California and

10

8,900 jobs available nationally. [AR 83, 87.] These numbers may not amount to a significant number of jobs in the regional or national economy. *See Randazzo v. Berryhill*, No. 16-55907, 2017 WL 6374297 (9th Cir. Dec. 13, 2017) (10,000 jobs in the national economy may not be significant); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (holding that 25,000 jobs in the national economy presented a close call but was sufficient and 2500 jobs in California was sufficient); *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012) (holding that 135 jobs in Greater Metropolitan Los Angeles and Orange County area was not a significant number). Accordingly, reversal is warranted to permit the ALJ to follow up with the VE about Plaintiff's ability to perform this and other representative occupations.[4]

## V. CONCLUSION

When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 874 F.3d 1130, 1132 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Commissioner*, 775 F.3d 1090, 1099 (9th Cir. 2014). But the Court does have discretion to make a direct award of benefits under the "credit-as-true" rule, which asks whether: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th

---

[4] The Court has not reached the remaining issues raised by Plaintiff regarding whether the ALJ was required to make a finding of literacy, except as to determine that reversal with the directive for the immediate payment of benefits would not be appropriate at this time. However, the ALJ should address Plaintiff's additional contentions of error when evaluating the evidence on remand. [*See* Pltf.'s Br. at 13-14.]

11

Cir. 2014). Each part of this three-part standard must be satisfied for the Court to remand for an award of benefits and it is only the "unusual case" that meets this standard. *Benecke*, 379 F.3d at 595; s*ee, e.g.*, *Treichler*, 775 F.3d at 1105 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony."). Moreover, if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings "even though all conditions of the credit-as-true rule are satisfied." *Garrison*, 759 F.3d at 1021; *see also Leon*, 874 F.3d at 1133 ("an award under [the credit-as-true] rule is a rare exception, and the rule was intended to deter ALJs from providing boilerplate rejections without analysis"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (as amended) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, further proceedings would be useful to allow the ALJ to follow-up with the VE about Plaintiff's past work and his ability to perform other representative occupations. Therefore, remand for further proceedings is required. *See Treichler*, 775 F.3d at 1107; *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: January 12, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE